STANDARD MEASURING MACHINE Co. *v.* TEAGUE and others.

*(Circuit Court, D. Massachusetts.  March 2, 1883.)*

1. PATENT LAW—INFRINGEMENT.

    Where a wholly new method or art has been discovered by a patentee, the courts will construe the claims of his patent broadly, and so as to cover all such mechanical means as embody the real invention.

2. SAME—EVIDENCE OF INFRINGEMENT.

    Evidence, in an action for infringement of a patent, that the defendants made one machine of the kind complained of and exhibited it at a mechanic's fair, is not sufficient, in the absence of proof that they ever used or sold such machines.

*Chauncey Smith* and *T. L. Wakefield*, for complainants.

*George L. Roberts & Bros.*, for defendant.

Before GRAY and LOWELL, JJ.

LOWELL, J.  The plaintiffs bring this suit for the infringement of two patents.  The first and more important patent is No. 194,743, granted to Tapley and Porter, August 28, 1877, entitled "improvement in devices for automatically measuring the superficial area of sides of leather," etc., and is described as consisting, first, in the use, in combination with a weighing scale, and an index operated thereby, of a series of weights suspended above the platform of said scale at points equidistant from each other, and each representing a given fractional part of a square foot of area, and adapted to be automatically deposited upon the platform of the weighing device, either separately, collectively, or any given number thereof, according to the area of the object to be measured.

The patentees then proceed to describe the particular machinery by which this operation is to be performed:

A number of pins are set above the platform of the weighing device, and to each pin is attached a weight, both being held above the platform by a spiral spring attached to the pin; the pins project through perforated tables, and the upper table, which is set on springs, rises to the exact height of the pins.  The skin, or other thin article, to be measured, is laid on this table, so that it is supported in part by the table, and in part by the heads of so many of the pins as its area will cover; a "follower," or pierced platform, is now brought down over the skin by a simple lever, and these two, with the pins upon which the skin rests, are lowered by the action of the same lever until these pins deposit their weights upon the platform of the weighing device; the remaining pins are not acted on at all, but push up through the holes in the follower.  The pins are equidistant from each other, and the weights are all precisely alike.  The result is that certain definite areas of the leather, marked out by the distance of the pins from each other, are represented by certain equal

weights, which are registered on the scale of the weighing machine. It is of no consequence what the areas are, or what the weights are, so that they are all alike; so many square inches, or halves, or quarters, or any other fractions of an inch, or of a foot, are represented by so many pins carrying equal weights, which may be pounds or ounces, or any known weight, or definite fraction of such weight, provided the scale is graduated accordingly.

The patent was reissued May 18, 1880, as No. 9,204, and this suit is, of course, brought on the reissued patent.

The only evidence in the case is that of experts on each side, and admissions of the defendants as to certain machines. It appears from the absence of testimony which would not fail to be produced, if it could be found, that this invention was wholly new, and that, for the first time, the superficial area of a side of leather, or other thin article, was ascertained by a weighing machine, through the ingenious conception and contrivance of representing a given area by a given weight.

The defendants admit that they own two later patents, called in the record Winter No. 1 and Winter No. 2, and that they have made and sold a machine made in conformity with No. 2, which is represented in the case by a model. The only questions in this part of the case are, whether this machine infringes the reissued patent; and, if it does, whether any claim which it infringes is justified by the original.

The defendants' machine has a perforated or "slatted" table, upon the rear of which is balanced, upon knife edges, another table, or frame, or follower, to the slats of which are hung weights at equal distances from each other; the front of this frame is connected with a spring balance, which has an index graduated to represent areas of surface. When the frame is brought down to the table, with nothing between them, all the weights pass through the interstices of the table; when a skin is placed upon the table and the frame is brought down, the skin intercepts a number of weights, according to its area, and the weighing machine indicates the exact area thus intercepted.

The plaintiffs rely on the first and second claims of the reissue. The first claim is:

"(1) A machine for measuring surfaces, embodying the following elements, viz., a weighing mechanism provided with an index finger, and a scale graduated to represent square feet and fractional parts thereof; and a Jacquard mechanism adapted to be acted on by the object to be measured, and thereby cause a movement of the index finger along the scale, in proportion to the size of the object being measured, for the purposes specified."

The second is still more general.

We think both these claims are infringed. The accomplished expert of the defendants testified that no Jacquard mechanism was ever operated by strings and weights; but, in reply, the complainant's expert proved, by a citation from Knight's Mechanical Dictionary, that such a contrivance, in a loom called Jacquard, was known before the date of this patent.

In the defendants' machine, as compared with that sued on, everything is reversed; the weights descend to the leather, instead of the leather to the weights; the index is arranged to show areas by the weights omitted, rather than by those covered; a spring balance is substituted for the platform scale. But, considering that Tapley and Porter had discovered a wholly new method or art, they should be permitted to construe their patent broadly, covering all such mechanical means as embody the real invention, which is, equidistant weights to correspond with equal areas, and a selecting mechanism like the Jacquard, to cause the aggregate of these weights to be measured upon the index of a weighing machine. So construed, there is no doubt of the infringement.

This invention was described in the original patent. We suppose the reissue was taken out to guard against a narrow construction of the claims of the original patent; but, in so novel an invention, we think the first and sixth claims of that patent might well be held to embrace the defendants' machine. The only points in which they might seem to be too narrow, are in mentioning the platform of a weighing machine, when, as we have seen, the defendants use a spring balance, and, in one of the claims, a downward movement of the leather is mentioned, whereas the defendants move their weights down to the leather. These are undoubted and well-known equivalents, and the omission of a distinct claim for equivalents is not important.

The second or Etheridge patent, dated August 28, 1877, No. 194,-662, which is for an improvement on the Tapley and Porter invention, is owned by the plaintiffs, and is thought by them to have been infringed by the defendants in making a machine under their own patent, Winter No. 1. There is very little evidence upon the subject in the record, and the defendants object, with some reason, that there is no call upon the court to decide whether Winter No. 1 does infringe Etheridge. The only evidence of infringement is an admission by the defendants that they made one machine like their patented improvement (No. 1) and exhibited it at the mechanics' fair, in Boston, in 1878. They do not admit that they ever used or sold such a

machine, but contend that it was made, or may have been made, as a model or illustration of their own patent. We consider the evidence of infringement of this patent insufficient to require us to compare the inventions with each other.

Decree for the complainants.